IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERQUAN OPHER, | : | CIVIL ACTION |
| | : | NO. 20-3603 |
| Petitioner, | : | |
| v. | : | |
| | : | |
| THOMAS S. MCGINLEY, et al., | : | |
| | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this **26th** day of **April, 2021**, upon consideration of the petition for a writ of habeas corpus and available state court records, and after review of the Report and Recommendation of U.S. Magistrate Judge David R. Strawbridge (ECF No. 4), it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

2. The Petition for a Writ of Habeas Corpus is **DENIED and DISMISSED**;

---

[1] When neither party files timely objections to a magistrate judge's report and recommendation ("R&R") on a dispositive issue, the district court is not required to review the R&R before adopting it. Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). However, the Third Circuit has held that "in the absence of objections . . . the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also Fed R. Civ. P. 72, 1983 advisory committee notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). In that neither party has filed objections to the R&R, this Court has reviewed it for clear error and has found none.

3. A certificate of appealability **SHALL NOT** issue, in that the Petitioner has not made a substantial showing of the denial of a constitutional right nor demonstrated that reasonable jurists would debate the correctness of the procedural aspects of this ruling. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000); and

4. The Clerk of the Court shall mark this case **CLOSED** for statistical purposes.

**AND IT IS SO ORDERED.**

*Eduardo C. Robreno*
_____
**EDUARDO C. ROBRENO, J.**